**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR-23**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **AQUILIA MARCIVICCI BARNETTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

THIS MATTER is before the Court upon remand from the Fourth Circuit Court of Appeals for further consideration in light of *Miller-El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317 (2005). The issue before the U.S. Supreme Court in *Miller-El* was whether the defendant had shown that the prosecution had engaged in purposeful discrimination when it exercised its peremptory strikes against African American jurors. *See id*.

In February, 1997, Barnette was indicted on 11 federal criminal charges, including three that carried a possible death sentence. After a trial by jury in January of 1998, Barnette was found guilty on all counts. After a sentencing hearing, the jury recommended and the district court imposed a death sentence on each of the capital counts. The district court also sentenced Barnette to prison on the non-capital counts. Barnette appealed his convictions and sentence. The Fourth Circuit affirmed his convictions but vacated his death sentences and remanded the case to the district court for resentencing as to the capital counts. *See United States v. Barnette*, 211 F.3d 803, 825-826 (4th Cir. 2002).

This Court began Barnette's resentencing hearing in July of 2002 before a new jury.

After hearing the evidence presented at the sentencing hearing, the jury returned recommendations for death sentences on all three capital counts.

Barnette again appealed his death sentences. The Fourth Circuit affirmed the sentences, *United States v. Barnette*, 390 F.3d 775, 812 (4th Cir. 2004), and Barnette petitioned the U.S. Supreme Court for a writ of certiorari. The Supreme Court summarily granted the petition, vacated the sentences, and remanded the case to the Fourth Circuit for further consideration in light of *Miller-El. See Barnette v. United States*, 546 U.S. 803, 126 S.Ct. 92 (2005). The Fourth Circuit remanded the case to this Court for further consideration in light of *Miller-El. See United States .v. Barnette*, No. 02-20 (4th Cir. filed Aug. 28, 2007).

At the conclusion of jury voir dire for Barnette's 2002 resentencing hearing, the government and the defense exercised peremptory strikes against randomly selected eligible jurors until a panel of 12 jurors and two alternates had been chosen. (Jury Selection Tr. 2287-2361, July 27, 2002.) Defense counsel raised a *Batson* objection to a number of the government's strikes, and each time, the Court heard arguments from the defense and the government's explanations for the strikes. *See Batson v. Kentucky,* 476 U.S. 79, 96-98 (1986) (establishing three-pronged test for determining if a party purposefully has exercised its peremptory strikes in a racially discriminatory manner). Because the Court determined that each of the government's explanations for its strikes was facially race-neutral, only the third prong of the *Batson* test – whether there was purposeful discrimination on the part of the prosecutor – is before the Court on remand. *See Hernandez v. New York*, 500 U.S. 352, 359 (1991) (holding that once a party has given explanations for its peremptory strikes, the issue of whether the defendant has made a *prima facie* showing of discriminatory intent is moot).

2

It is HEREBY ORDERED THAT Barnette shall file a brief with the Court stating how the Court should proceed in this matter, identifying the evidence that the Court can and should consider, and addressing the effect, if any, of waiver, *see e.g. Davis v. Baltimore Gas & Elec. Co.*, 160 F.3d 1023, 1027 (4th Cir. 1998). Barnette shall have 30 days from the filing of this Order in which to file his brief. His brief shall not exceed 15 pages.

It is FURTHER ORDERED THAT within 30 days after Barnette files his brief, the government shall file a responding brief, addressing the same issues outlined in the paragraph preceding this one. The government's brief shall not exceed 15 pages.

Signed: November 30, 2007

Richard L. Voorhees
United States District Judge

3