IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR-23

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court upon Defendant's Motion to Return to the Western District of North Carolina. (Doc. No. 633.) Defendant currently is incarcerated at the Federal Penitentiary in Terre Haute, Indiana. He seeks to be housed as a federal prisoner at the Mecklenburg County Jail in North Carolina so that he can consult with his counsel on "various issues."

Defendant was convicted in 1998 of three capital and a number of non-capital federal offenses. He was sentenced to death for the three capital offenses. In 2002, the Fourth Circuit Court of Appeals vacated Defendant's death sentences and remanded the case for resentencing. *See United States v. Barnette*, 211 F.3d 803, 825-826 (4th Cir. 2002). On remand, a federal jury again recommended death sentences for all three capital offenses. The Fourth Circuit affirmed the sentences, and Defendant petitioned the U.S. Supreme Court for a writ of certiorari. The Supreme Court summarily granted the petition, vacated the sentences, and remanded the case to the Fourth Circuit for further consideration in light of *Miller-El v. Dretke*, 545 U.S. 231 (2005). *See Barnette v. United States*, 546 U.S. 803 (2005). Subsequently, the Fourth Circuit remanded

the case to this Court for further consideration in light of *Miller-El*. *See United States v. Barnette*, No. 02-20 (4th Cir. filed Aug. 28, 2007).

The issue before the Court on remand is whether Defendant can prove that the government engaged in purposeful discrimination when using peremptory strikes to excuse a number of African American jurors. *See Rice v. Collins*, 546 U.S. 333, 338 (2006) (citing *Batson v. Kentucky*, 476 U.S. 79, 98 (1986), which established a three-pronged test for determining if a party purposefully has exercised its peremptory strikes in a racially discriminatory manner). At this point, it appears that resolution of this issue will be based upon the existing record. Given the posture of the case at this time, the undersigned cannot envision a situation implicating Defendant's right to effective assistance of counsel that would require a face-to-face consultation between Defendant and his counsel. Nor has Defendant offered one.

Should the undersigned determine that a proceeding at which Defendant's presence is required is necessary, this issue will be revisited. For the foregoing reasons, Defendant's Motion to Return to the Western District of North Carolina is hereby DENIED.

Signed: November 30, 2007

Richard L. Voorhees
United States District Judge