IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR23

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court upon remand from the Fourth Circuit Court of Appeals for further consideration in light of <u>Miller-El v. Dretke</u>, 545 U.S. 231 (2005).

## PROCEDURAL HISTORY

Pursuant to the unanimous jury verdict, returned on January 27, 1998, finding Defendant guilty on all eleven counts of the Indictment, the unanimous jury verdict, returned on August 13, 2002, recommending the imposition of the death penalty on Counts Seven, Eight and Eleven of the Indictment, 18 U.S.C. §§ 3591-3595, and the Special Findings of the jury, this Court sentenced Defendant to death on each of Counts Seven, Eight and Eleven of the Indictment.[1] Judgment was entered on August 20, 2002. (Doc. 600.)

---

[1] Counts Seven, Eight and Eleven are more particularly described as follows:

Count <u>Seven</u>: Carjacking in violation of 18 U.S.C. § 2119(3), offense concluded June 22, 1996.

Count <u>Eight</u>: First Degree Murder by Use of a Firearm in violation of 18 U.S.C. §§ 924(c)(1) & (i)(2)(1), offense concluded June 22, 2996. CHECK CITE

Count <u>Eleven</u>: First Degree Murder by Use of a Firearm in violation of 18 U.S.C. §§ 924(c)(1) & (i)(2)(1), offense concluded June 22, 1996.

The Fourth Circuit affirmed the sentences. See U.S. v. Barnette, 390 F.3d 775, 779-82, (4th Cir. 2004), vacated, Barnette v. United States, 546 U.S. 803 (2005). Subsequently, the United States Supreme Court granted Barnette's Petition for Writ of Certiorari, vacated the judgment, and remanded Barnette's case to the Fourth Circuit "for further consideration in light of Miller-El . . . ." Barnette v. United States, 546 U.S. 803 (2005). The Fourth Circuit, in turn, remanded the case to the district court "for further consideration in light of Miller-El. . . . ." United States .v. Barnette, No. 02-20 (4th Cir. filed Aug. 28, 2007). Upon remand, this Court reconsidered Barnette's Batson challenges[2] in light of Miller-El and affirmed its previous conclusion that Barnette had failed to show that the prosecution engaged in purposeful discrimination when it exercised peremptory strikes against five African-American veniremen during his 2002 jury selection. (Doc. 660.)

## CONCLUSION

IT IS, THEREFORE, ORDERED that the Clerk of Court prepare an amended judgment in the criminal action reinstating the sentences imposed in this Court's initial judgment filed August 20, 2002.

Signed: June 7, 2010

Richard L. Voorhees
United States District Judge

---

[2] In Batson v. Kentucky, the Supreme Court established a three-pronged test for determining if the prosecution purposefully exercised its peremptory strikes in a racially discriminatory manner. 476 U.S. 79, 96-98 (1986).