**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR-23**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's pro se "Motion for Discharge and Release," filed July 13, 2010.[1] [Doc. 669.] A criminal defendant has no statutory or constitutional right to proceed pro se while simultaneously being represented by counsel. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (recognizing that a criminal defendant has no constitutional right to hybrid representation at trial). Consequently, a district court is not obligated to consider a counseled defendant's pro se motions. See United States v. Essig, 10 F.3d 968, 973 (3rd Cir. 1993).[2]

The Defendant is represented by appointed counsel. [Docs. 635, 667, 668.] Therefore,

---

[1] In the Motion, the Defendant contends that he is entitled to release under the Uniform Commercial Code and the Commerce Clause of the United States Constitution.

[2] The Court notes that the local rules of the Western District of North Carolina limit the District Court's consideration of pro se motions filed by counseled criminal defendants:

> "Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his ... right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver...."

LCrR 47.1(H).

the Court declines to consider the instant pro se "Motion for Discharge and Release."³

Furthermore, the Defendant is advised that he should communicate with the Court only through his attorney.

**IT IS, THEREFORE, ORDERED** that the Defendant's pro se "Motion for Discharge and Release" [Doc. 669] is DISMISSED without prejudice.

Signed: July 26, 2010

Richard L. Voorhees
United States District Judge

---

³In its Response, the Government argues that the Defendant's motion should be construed as a prematurely-filed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 670.] However, because the outcome would be the same – dismissal without prejudice – the Court declines to treat it as such.