IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR-23

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| AQUILIA MARCIVICCI BARNETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Defendant's pro se "Writ of Habeas Corpus," filed August 16, 2010.[1] [Doc. 1.] Also before the Court is Defendant's pro se "Motion to Correct and Amend Rules 60(d) petition and Special Master request," filed on October 15, 2010. [Doc. 4.]

**RELEVANT PROCEDURAL HISTORY**

In February, 1997, Defendant was indicted on 11 federal criminal charges, including three that carried a possible death sentence. (3:97cr23 Doc. 1.) After a trial by jury in January, 1998, Defendant was found guilty on all counts. See id. at Doc. 289. The jury recommended a death sentence for each capital count. See id. at Docs. 309, 323.

The Fourth Circuit Court of Appeals affirmed the convictions but vacated the death sentences. United States v. Barnette, 211 F.3d 803, 825-26 (4th Cir. 2000). On remand, a jury again recommended three death sentences (3:97cr23 Docs. 596-98, 600), and the Fourth Circuit affirmed after an appeal from the re-sentencing, United States v. Barnette, 390 F.3d 775, 794-97

---

[1]The Motion has been docketed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1.]

(4th Cir. 2004).

Defendant sought certiorari review, and the Supreme Court vacated the judgment and remanded for consideration of a jury-selection issue under Batson v. Kentucky, 476 U.S. 79 (1986). The Fourth Circuit subsequently remanded the case to this Court. (3:97cr23 Doc. 632.)

On May 20, 2010, the Court issued an order denying relief on the Batson issue. See id. at Doc. 660. On June 3, 2010, Defendant – through counsel – filed a notice of appeal. See id. at Doc. 661.

On July 13, 2010, Defendant filed a pro se Motion for Discharge and Release. See id. at Doc. 669. The Court dismissed that motion without prejudice, refusing to consider a pro se pleading from a represented defendant. See id. at Doc. 671. The Court also advised Defendant to communicate with the Court only through counsel. Notwithstanding that admonishment, Defendant has filed the instant pro se motions.

## DISCUSSION

**I. Motion for Writ of Habeas Corpus**

Defendant contends that his conviction and sentence are unconstitutional and that he is entitled to release under Article VII of, and the Ninth and Tenth Amendments to, the United States Constitution. (Doc. 674.) Although Defendant has captioned his motion as a "writ of habeas corpus," a review of the motion reveals that it is, in fact, a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis original); see United States v. Blackstock, 513 F.3d 128, 131 (4th Cir. 2008) (noting the courts' authority to recharacterize post-conviction motions under §

2255).

Ordinarily, the Court would inform Defendant of its intention to construe his filing as a § 2255 and give Defendant an opportunity to indicate whether he wanted the Court to address the motion as one brought pursuant to § 2255 or whether he wanted to withdraw the motion. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002), overruling on other grounds recognized, United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). However, even if Defendant had properly captioned his motion as one brought pursuant to § 2255, it would constitute a premature collateral attack on his conviction and sentence because his direct appeal is still pending. See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (noting that "collateral claims should not be entertained while a direct appeal is pending" because direct review relief may render moot the issues also raised on collateral review); Walker v. Connor, 72 F. App'x 3, 4 (4th Cir. 2003) (recognizing that § 2255 motion is premature when direct criminal appeal is pending); and Rules Governing Section 2255 Proceedings, Rule 5 advisory committee note (stating that the orderly administration of criminal law precludes considering a § 2255 motion while appeal is pending absent extraordinary circumstances).

Furthermore, as has been noted previously, Defendant is represented by appointed counsel. [Docs. 635, 667, 668.]. A criminal defendant has no statutory or constitutional right to proceed pro se while simultaneously being represented by counsel. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). Consequently, a district court is not obligated to consider a counseled defendant's pro se motions. See United States v. Essig, 10 F.3d 968, 973 (3rd Cir. 1993). Therefore, the Court will dismiss the motion without prejudice.

**II. Motion to Correct and Amend Rules 60(d) Petition and Special Master Request**

In this motion, Defendant seeks to supplement his August 6, 2010 motion for a writ of

3

habeas corpus [Doc. 1] with affidavits.  As indicated above, Defendant's underlying motion is a premature pro se collateral attack by a represented defendant and will be dismissed without prejudice.  Defendant's motion to supplement the underlying motion will be dismissed on the same grounds.

As for Defendant's request for relief from judgment and order under Rule 60(d) of the Federal Rules of Civil Procedure, he fails to state any non-frivolous grounds to support such a motion.  Defendant is not a party in any civil case in this Court in which judgment has been entered.  Consequently, there is no judgment to amend or correct.

Defendant's request for appointment of a special master is equally frivolous and lacking in merit.  As an initial matter, appointment of a master requires an open civil case.  The filing of this Order will terminate Defendant's only open civil case.  Furthermore, even were the Court to allow this action to proceed, it meets none of the requirements for appointment of a special master.  See Fed. R. Civ. P. 53(a).

**IT IS, THEREFORE, ORDERED** that the Defendant's pro se "Writ of Habeas Corpus" [Doc. 1] and pro se "Motion to Correct and Amend Rules 60(d) petition and Special Master request" [Doc. 4] are  DISMISSED without prejudice.

Signed: October 25, 2010

Richard L. Voorhees
United States District Judge