IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR-23

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Aquilia Marcivicci Barnette's ("Barnette") <u>Ex Parte</u> Motion for Appointment of Counsel to Pursue Post-Conviction Remedies. (Doc. No. 682).

On February 4, 1997, a grand jury indicted Barnette on 11 criminal counts, including three that carried a possible death sentence: commission of a carjacking that results in death, in violation of 18 U.S.C. § 2119(3) (Count Seven), using and carrying a firearm during and in relation to a crime of violence, namely a carjacking, in which death occurs, in violation of 18 U.S.C. §§ 924(c)(1) & (i)2(1) (Count Eight), and using and carrying a firearm during and in relation to a crime of violence, namely interstate domestic violence, in which death occurs, in violation of 18 U.S.C. §§ 924(c)(1) & (i)2(1) (Count Eleven). (Doc. No. 1). After a trial in January of 1998, the jury found Barnette guilty on all counts. (Doc. No. 289). The District Court held a sentencing hearing, the jury recommended, and the Court imposed a death sentence in each of the capital counts. (Doc. Nos. 309, 323). The Court also sentenced Barnette to prison on the non-capital counts. (Doc. No. 323). The Fourth Circuit Court of Appeals affirmed Barnette's convictions but vacated his death sentences and remanded the case to the District Court for resentencing as to the capital counts. <u>See</u> <u>United States v. Barnette</u>, 211 F.3d 803, 825-

826 (4th Cir. 2002).

This Court commenced the second sentencing hearing in July of 2002, after seating a new jury. After listening to the evidence presented, the jury returned recommendations for death sentences on Counts Seven, Eight, and Eleven. (Doc. Nos. 596-598). The Court entered judgment accordingly. (Doc. No. 600).

Barnette again appealed his death sentences, and the Fourth Circuit affirmed, specifically rejecting his contention that prosecutors had exercised their peremptory challenges in a racially discriminatory manner to strike African–Americans from the jury venire in violation of Batson v. Kentucky, 476 U.S. 79 (1986), and its progeny. United States v. Barnette, 390 F.3d 775, 779-82 (4th Cir. 2004), vacated, Barnette v. United States, 546 U.S. 803 (2005). Barnette sought and was granted certiorari, and the Supreme Court vacated the judgment and remanded the case for reconsideration of Barnette's Batson claim in light of the Court's intervening decision in Miller–El v. Dretke, 545 U.S. 231 (2005). The Fourth Circuit remanded the case to the district court "for further consideration in light of Miller-El. . . . ." United States v. Barnette, No. 02-20 (4th Cir. filed Aug. 28, 2007) (ECF No. 212).

This Court examined the transcripts from the 2002 jury selection, viewed unredacted copies of the prosecution's juror questionnaires and notes from jury selection, and held a hearing. Thereafter, the Court issued a memorandum opinion and order on May 19, 2010, finding and concluding that Barnette had not met his burden of proving that the prosecution engaged in purposeful discrimination when it exercised peremptory strikes against five African–American members of the jury venire during jury selection for the sentencing phase in 2002. United States v. Barnette, No. 3:97CR-23, 2010 WL 2085312 (W.D.N.C. May 20, 2010) (Doc. No. 660). The Fourth Circuit affirmed, United States v. Barnette, 644 F.3d 192 (4th Cir.

2

2011), and on March 19, 2012, the United States Supreme Court denied Barnette's Petition for Writ of Certiorari, Barnette v. United States, __ U.S. __, 132 S.Ct. 1740 (2012).

On April 3, 2012, Henderson Hill, Executive Director of the Federal Defenders of Western North Carolina, Inc., filed under seal an Ex Parte Motion for Appointment of Counsel to Pursue Post-Conviction Remedies and Memorandum of Law in Support ("the Motion"). (Doc. No. 682). In the Motion, Barnette seeks reappointment of appellate counsel Mark Olive of Tallahassee, Florida, and appointment of Jacob H. Sussman of Charlotte, North Carolina, as counsel to represent him in pursuit of any and all post-conviction remedies. (Id. at 1). Barnette also seeks appointment of Mr. Hill as "resource counsel." (Id.).

Section 2255 governs post-conviction motions by prisoners subject to a federal sentence. 28 U.S.C. §2255(a). Section § 2255(f) provides that Barnette has one year from March 19, 2012 to initiate a collateral attack on his sentence by filing a motion to vacate, set aside or correct his sentence under §2255. In any post-conviction proceeding under § 2255, an indigent defendant is entitled to the appointment of one or more attorneys and the furnishing of certain other reasonably necessary services. 18 U.S.C. §3599(a)(2). The Court previously has found Barnette to be indigent. (Doc. No. 7). Therefore, he is entitled to appointment of counsel for post-conviction proceedings under §2255. See §3599(a)(2).

Barnette, furthermore, has permissibly sought counsel prior to filing a motion under §2255. In McFarland v. Scott, the Supreme Court affirmed that a capital petitioner's "statutory right to appointed counsel adheres prior to the filing of a formal, legally sufficient" post-conviction motion. 512 U.S. 849, 855 (1994) ("In adopting § 848(q)(4)(B), Congress thus established a right to preapplication legal assistance for capital defendants in federal habeas

3

proceedings.").[1]  Moreover, McFarland held that the mere filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding commences his habeas corpus proceeding.[2]  Id. at 856-57; see also United States v. Brown, No. 403CR001, 2007 WL 1812632, at * 1 (S.D. Ga. June 18, 2007); United States v. Allen, No. 4:97CR00141 ERW, 2007 WL 107760, at * 1 (E.D. Mo. January 08, 2007).  The Clerk, therefore, shall open a separate civil case, as is done in this Court for all § 2255 motions, and transfer the instant motion and this Order into it.

When counsel is to be appointed after judgment in a capital case, §3599(c) requires that "at least one attorney must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases."  In addition to these general requirements, the court should consider the attorney's experience in federal post-conviction proceedings and in capital post-conviction proceedings.  See 7 Guide to Judiciary Policy, pt. A, ch. VI, § 620.50.[3]  Finally,

---

[1] McFarland interpreted the prior statute governing appointment of counsel in capital post-conviction proceedings, 28 U.S.C. §848(q), which was repealed by Congress in 2006.  It was replaced with 18 U.S.C. § 3599, part of the Federal Death Penalty Act, 18 U.S.C. § 3591 *et seq.*  Section 3599 merely recodified but did not change the language of §848(q).

[2] Opening of the civil case does not fix the date of Barnette's § 2255 filing for other purposes, however.  See e.g., Williams v. Cain, 125 F.3d 269, 273-74 (5th Cir. 1997) (death row inmate's habeas corpus case was not "pending" as of effective date of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and case was thus subject to revised standard of review under AEDPA, though inmate filed motions for stay of execution, to proceed in forma pauperis, and for appointment of counsel before effective date, where actual habeas petition was not filed until after effective date); Moseley v. French, 961 F. Supp. 889, 892-893 (M.D.N.C 1997) ("Nor is the limitation period tolled because of petitioner's motion for court appointed counsel."), rev'd on other grounds sub nom., Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999).

[3] Volume VII of the Guide to Judiciary Policies and Procedures Appointment of Counsel in Criminal Cases (Administrative Office of the United States Courts) sets forth the Judicial Counsel's recommendations for the appointment of counsel in capital cases, as well as the

4

the Court is required to consider the recommendations of the federal defender. 18 U.S.C. § 3005.

Mr. Hill has recommended reappointment of Mark Olive, as well as appointment of himself, and Jacob Sussman. Mr. Olive was appointed by the Fourth Circuit to represent Barnette on his most recent appeal. United States v. Barnette, No. 10-2, ECF No. 16, filed August 3, 2010. Mr Olive has represented death row inmates on appeal or in post-conviction for at least 25 years.[4] He is admitted to practice in the Fourth Circuit, but not in the Western District of North Carolina. He, unquestionably, meets the statutory requirements for appointment in this case. See §3599(c). Moreover, § 3599(e) requires counsel appointed in capital cases to continue their representation through all post-conviction proceedings "[u]nless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." Therefore, the Court will reappoint Mark Olive as lead counsel for Barnette provided that within ten days of reappointment, he file in this Court an application for admission p*ro hac vice* and pay the

---

procedures for securing the payment of fees and the reimbursement of expenses under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. Available at http://www.uscourts.gov/ FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7. aspx.

[4]The following are some of the death penalty cases in which Mr. Olive has appeared as counsel: Weeks v. Angelone, 528 U.S. 225 (2000) and Gray v. Netherland, 518 U.S. 152 (1996); Hill v. Humphrey, 662 F.3d 1335 (11th Cir. 2011); United States v. Duncan, 643 F.3d 1242 (9th Cir. 2011); Williams v. Quarterman, 551 F.3d 352 (5th Cir. 2008); Vinson v. True, 436 F.3d 412 (4th Cir. 2006); Trease v. Secretary, Dept. of Corrections, No. 8:11–cv–233–T–23TBM, 2011 WL 6318020 (M.D. Fla. Dec. 16, 2011), Williams v. Thaler, 756 F. Supp.2d 809 (S.D. Tex. 2010), rev'd, --- F. App'x ----, 2012 WL 171606 (5th Cir. Jan 20, 2012); Harris v. Lindamood, No. 3:02-0021, 2007 WL 1047631 (M.D. Tenn. March 30, 2007); Vinson v. Johnson, No. 3:06CV230-HEH, 2006 WL 4509943 (E.D. Va. April 19, 2006); Ferrell v. Head, 398 F. Supp.2d 1273 (N.D. Ga. 2005), aff'd in part, rev'd in part sub nom. Ferrell v. Hall,640 F.3d 1199 (11th Cir. 2011).

required fee.

The Guide to Judiciary Policy recommends the appointment of "at least two counsel" for §2255 proceedings in capital cases. See 7 Guide to Judiciary Policy, pt. A, ch. VI, § 620.10.20(b). Moreover, the Criminal Justice Act Plan adopted by the Western District of North Carolina states that "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, two counsel should be appointed" to assist an indigent petitioner seeking to vacate a death sentence. Pt. IV, § D 1, at 9, available at http://www.ncwd.uscourts.gov/Attorneys/Documents.aspx. Mr. Hill has recommended appointment of Jacob Sussman as co-counsel.

Mr. Sussman has trial, appellate, and post-conviction experience representing criminal defendants in both state and federal courts. He has represented capital defendants at trial and in post-conviction in both North Carolina and Georgia. He is admitted to practice in the Fourth Circuit Court of Appeals, as well as the Western District of North Carolina.

The Court is unable to determine from the Motion whether Mr. Sussman meets the qualifications of § 3599(c). Nevertheless, under § 3599(d), the Court, for good cause, may appoint an attorney who may not qualify under § 3599(c), but who has the background, knowledge, and experience necessary to represent the defendant properly in a capital case. Under that standard, the Court is persuaded that Mr. Sussman's background and experience qualify him to represent Barnette properly in this case. See § 3599(d). In particular, Mr. Sussman's pre-law school experience as an investigator on capital post-conviction cases adds significant depth to his litigation, appellate, and post-conviction legal experience. Therefore, the Court will appoint Mr. Sussman as co-counsel for Barnette.

Barnette also seeks appointment of Mr. Hill as "resource counsel." Section 3599 does not set a cap on the number of attorneys who may be appointed to represent a petitioner in a

6

capital § 2255, but "courts should not appoint more than two attorneys unless exceptional circumstances and good cause are shown[.]" 7 Guide to Judiciary Policy, pt. A, ch. VI, § 620.10.20(c). The Guide recognizes, however, that even in the absence of exceptional circumstances, two attorneys working on a capital case may need additional legal help. See id. ("[A]ppointed counsel may, with prior court authorization, use the services of attorneys who work in association with them, provided that the employment of such additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet time limits."). Barnette's motion for appointment of Mr. Hill as "resource counsel" anticipates such a situation.

Barnette committed his crimes in two states in 1996. Over the ensuing 16 years, his case has seen a trial, two sentencing proceedings, three appeals, and two remands. It involved law enforcement and civilian witnesses from multiple jurisdictions. While the issues in this case may not be complex, the record is massive.

The Federal Defenders of Western North Carolina, Inc. has represented Barnette since July 6, 2010. See United States v. Barnette, No. 10-2, ECF No. 5, filed July 6, 2010. It is funded through the Administrative Office of the Courts and will not seek costs, litigation or expert expenses, or attorneys' fees in connection with its representation of Barnette. Moreover, Mr. Hill represents that it will undertake funding of any investigative and expert needs related to Barnette's § 2255. (Doc. No. 682 at 10). Mr. Hill is himself an experienced capital litigator and has over 20 years of post-conviction experience at both the state and federal level. The Court finds that the age and procedural history of this case, in combination with the conditions under which the Federal Defenders would continue its representation, constitute good cause for appointment of Henderson Hill, as Executive Director of the Federal Defenders of Western

North Carolina, Inc., to represent Barnette in post-conviction.  <u>See</u> United States District Court for the Western District of North Carolina Criminal Justice Act Plan, Pt. V, § B, at 10 (requiring that the Executive Director be appointed in all cases assigned to the District's community defender organization).

The hourly compensation rate for Mr. Olive and Mr. Sussman shall be the rate established by the CJA for capital cases.  Counsel shall submit interim vouchers (CJA Form 30) ("Interim Vouchers") for payment of fees and expenses every two months commencing July 1, 2012.  In the initial Interim Voucher, counsel shall claim compensation earned and reimbursable expenses incurred from the date of this order through and including June 30, 2012.  Counsel shall submit an Interim Voucher for compensation earned and reimbursable expenses incurred for each two month period thereafter (the "Interim Period").  Interim Voucher(s) should be sequentially numbered (e.g. "Interim Voucher # 1," "Interim Voucher # 2," etc.).  Within 45 days from the conclusion of authorized proceedings, counsel shall submit a Final Voucher seeking payment for compensation earned and reimbursable expenses incurred after the last day of the immediately preceding Interim Period.

To support the amounts claimed on an Interim or Final Voucher, counsel shall submit a billing summary detailing both the time expended on and the expenses incurred in connection with the representation.  Time entries on the billing summary shall indicate the nature of the services rendered (e.g., telephone conference with client re: status of case, research re: search of automobile incident to stop for speeding).  Each operation should be separately described and recorded.  Counsel should not lump several different operations together in a single time entry.  The billing summary shall be incorporated into and become part of the Interim or Final Voucher.

Compensation for legal research and assistance performed by paralegals or legal

assistants (including law students) should be claimed on CJA Form 31 and not claimed as an expense on CJA Form 30. Counsel shall include with the completed CJA Form 31 an explanation of the work performed, the number of hours expended, and the rate requested (less than that paid to appointed counsel). Counsel are advised, however, that the Court expects Mr. Hill and his organization to provide the bulk of these services.

Each attorney shall maintain contemporaneous time records for all work performed and shall maintain contemporaneous records of all expenses incurred in this matter. These records must be retained for three years after approval of the Final Voucher, as they may be subject to audit.

Finally, counsel for Barnette shall, by June 29, 2012, file <u>ex parte</u> and under seal, a proposed litigation budget that represents their best preliminary estimate of the costs of all services likely to be needed during the post-conviction proceedings in this matter. Revised litigation budgets may be submitted periodically.

**IT IS, THEREFORE, ORDERED** that:

1. Barnette's <u>Ex Parte</u> Motion for Appointment of Counsel to Pursue Post-Conviction Remedies (Doc. No. 682) is **GRANTED**;

2. Mark E. Olive, Jacob Sussman, and Henderson Hill, in his capacity as Executive Director of the Federal Defenders of Western North Carolina, Inc., are **APPOINTED** as counsel for Barnette, <u>nunc pro tunc</u> to April 3, 2012, for any and all post-conviction proceedings, including the filing of a motion under 28 U.S.C. § 2255;

3. Within 10 days of entrance of this Order, Mark E. Olive shall apply for admission <u>pro hac vice</u> in the Western District of North Carolina and pay the

9

required fee;

4. Mr. Olive and Mr. Sussman may submit interim vouchers for payment of compensation and expenses at the rate established by the CJA for capital cases;

5. Counsel for Barnette shall, by June 29, 2012, file, <u>ex parte</u> and under seal, a proposed litigation budget that represents their best preliminary estimate of the costs of all services likely to be needed during the post-conviction proceedings in this matter; and

6. The Clerk of Court shall open a § 2255 civil case, flag it as a death penalty habeas action, and transfer the instant motion and this Order into it. All future filings in this matter shall be docketed in the civil case.

**SO ORDERED.**

Signed: May 22, 2012

Richard L. Voorhees
United States District Judge