| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's pro se motion for sentence reduction based on compassionate release under 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 698), and the Government's response in opposition to Defendant's motion, (Doc. No. 704). For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

This Court sentenced Defendant to death "following his conviction for various crimes relating to the murder of his ex-girlfriend, Robin Williams, in Roanoke, Virginia, and the carjacking and murder of Donald Lee Allen in Charlotte, North Carolina." Barnette v. United States, Nos. 3:12-cv-327, 3:97-cr-23, 2021 WL 949848, at *1 (W.D.N.C. Mar. 12, 2021). The facts and procedural history pertinent to his eleven-count indictment are extensively laid out in this Court's previous order denying Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. See id. at *1–2.

In his motion to vacate, filed on June 19, 2013, Defendant challenged the validity of his convictions, including the Government's alleged failure to satisfy the "force clause" for his

1

interstate domestic violence charges under 18 U.S.C. § 2261. Id. at *21. Defendant's argument proved futile, however, as this Court denied his motion on the merits:

> the crimes described in count 1 (firebombing Williams' residence causing injury to her) and count 10 (shooting and killing Williams) satisfy the force clause in requiring the intentional use of force capable of causing physical pain or injury sufficient to uphold Defendant's convictions. A plain reading of the subsequent counts makes clear the statutory code provisions referenced in counts 1 and 10.

Id. (citation modified). Thereafter, in December 2024, President Biden issued an Executive Grant of Clemency to Defendant, commuting his death sentence to "life imprisonment without the possibility of parole." (Doc. No. 697).

On January 23, 2025, Defendant filed this motion for compassionate release under § 3582(c)(1)(A),[1] stating that "under Brakenbury and Concepcion: due to a change in the law, there is no controlling law for (interstate domestic violence) also known as U.S.C. § 2261. Making my charged indictment invalid, requiring relief." (Doc. No. 698 at 6 (citation modified)). Defendant seeks a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(6), predicated on having "served at least 10 years" of "an unusually long sentence" in conjunction with "a change in the law" that would produce a significant sentencing disparity. (Id. at 6–7). Defendant supplemented his motion with a "proposed release plan," copies of his artwork, letters referencing his late mother, and 48 pages of documents pertaining to "Dent Turner"—an unidentified and entirely different inmate. See (Doc. Nos. 698-1 at 1–21, 698-2 at 1–48).

## II. DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction

---

[1] See Screening Order (Doc. No. 699) (clarifying nature of Defendant's motion).

is consistent with "applicable policy statements issued by the Sentencing Commission." The "purpose of § 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is not a specific statute that already affords relief." United States v. McCoy, 981 F.3d 271, 287 (4th Cir. 2020) (emphasis in original). As such, a defendant may not use Section 3582(c)(1)(A) to attack his sentence or conviction, see United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022), for "claims close to the core of habeas corpus must be brought under the specific federal habeas corpus statute prescribed for relief," Fernandez v. United States, 146 S. Ct. 1292, 1296 (2026) (citation modified). Accordingly, "a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255." Id. at 1295 (citation modified).

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if it finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) the defendant's family circumstances, including the incapacitation of the defendant's immediate family members, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence. When the defendant's motion is based on an unusually long sentence, the defendant must show (1) an unusually long sentence, (2) he "has served at least 10 years of the term of imprisonment," and (3) a change in the law other than a non-retroactive change to the sentencing guidelines.

3

U.S.S.G. § 1B1.13(b)(6). A change in the law, without more, is insufficient to warrant compassionate release. U.S.S.G. § 1B1.13(c).

As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

Defendant argues that he is entitled to a sentence reduction because he "received an unusually long sentence," has "served at least 10 years of the term of imprisonment," and a change in the law "would produce a gross disparity" between his sentence and "the sentence likely to be imposed on the date [Defendant] filed [his] motion." (Id. at 5–6).

Defendant's motion rests on the premise that there is no controlling law for interstate domestic violence, "making his charged indictment invalid." (Doc. No. 698 at 6 (citation modified)). Essentially, Defendant attempts to disguise a challenge to his conviction as a motion for compassionate release. However, both the Supreme Court and the Fourth Circuit have foreclosed such a challenge. See Fernandez, 146 S. Ct. at 1296; Ferguson, 55 F.4th at 270. Accordingly, Defendant fails to present an extraordinary and compelling reason to justify compassionate release.[2]

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for sentence reduction based on compassionate release under § 3582(c)(1)(A). (Doc. No. 698).

**ORDER**

---

[2] The Court also notes that Defendant's motion, if properly brought under Section 2255, would still be dismissed as a successive and untimely Section 2255 filing. See Farkas v. Butner, 972 F.3d 548, 554–55 (4th Cir. 2020) ("Congress guarantees every federal prisoner the opportunity to launch at least one collateral attack on his detention. But not more than one.").

4

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 698) is

**DENIED**.

Signed: July 30, 2026

Max O. Cogburn Jr
United States District Judge

5